IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:02CR3038 |
| | ) | |
| v. | ) | |
| | ) | |
| EUGENE A. McNEALLY, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 150). For the following reasons, the motion will be denied for lack of jurisdiction.

I.  DISCUSSION

This is the second motion the defendant has filed pursuant to 28 U.S.C. § 2255. As in his first § 2255 motion, filed on September 8, 2005, which was denied by the Court on September 9, 2005 (see Filing Nos. 145 and 146), defendant asserts that this Court lacked subject matter jurisdiction.

The defendant's current § 2255 motion constitutes a "second or successive motion" within the meaning of 28 U.S.C. § 2255. 28 U.S.C. § 2255; see *United States v. Nicholson*, 231 F.3d 445, 454 (8th Cir. 2000); see also *United States v. Allen*, 157 F.3d 661, 664 (8th Cir. 1998); and *Vancleave v. Norris*, 150 F.3d 926, 927-29 (8th Cir. 1998). A petitioner seeking to file a second or successive § 2255 motion challenging their conviction or sentence must first obtain circuit court certification. 28 U.S.C. § 2255 (2001); *Allen*, 157 F.3d at 664; *U.S. v. Arnold*,

2001 WL 435648 at 1 (D.Minn. 2001).  Because the defendant has not received approval from the Eighth Circuit to file a second or successive § 2255 motion, the Court lacks jurisdiction over his claims.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Allen*, at 664; *United States v. Alvarez-Ramirez*, 128 F.Supp.2d 1265, 1267 (C.D.Cal. 2001).

     The Court notes that defendant's motion relies upon his claim that this Court lacks subject matter jurisdiction.  The district courts of the United States have original jurisdiction over all offenses committed against the laws of the United States.  18 U.S.C. § 3231.  Accordingly, defendant's prosecution for willful failure to file tax returns under 26 U.S.C. § 7203 and making false statements in a matter within the jurisdiction of a federal agency under 18 U.S.C. § 1001(3) was within this Court's subject matter jurisdiction.  See *United States v. Spurgeon, 671 F.2d 1198, 1199* (8th Cir. 1982) and *United States v. Marks*, 691 F.2d 428, 429 (8th Cir. 1982) (rejecting defendant's contention that district court lacked subject matter jurisdiction over his prosecution for violating 18 U.S.C. § 7203).  Thus, the issue which defendant seeks to raise in this successive motion is without merit.  However, as the Court does not have jurisdiction, defendant's motion will be

denied without prejudice.  Accordingly, a separate order will be entered in accordance with this memorandum opinion.

DATED this 20th day of December, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court